# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KUBIN-NICHOLSON CORP.,**
    **Plaintiff,**

  v.                Case No. 07C0785

**AMBROSE GILLON,**
    **Defendant.**

---

## DECISION AND ORDER

  Plaintiff Kubin-Nicholson Corp. brought this action against its former employee, defendant Ambrose Gillon, in Milwaukee County Circuit Court, and defendant removed the case to federal court based on diversity of citizenship. Plaintiff, a Wisconsin corporation with its principal place of business in Wisconsin, alleges that defendant, a citizen of New Jersey who worked in plaintiff's New York office from 1985 until 2007, breached his employment contract and wronged plaintiff in other ways by working clandestinely with a competitor. Defendant now moves to dismiss for lack of personal jurisdiction and improper venue and, alternatively, to transfer venue to the Southern District of New York.

### I. PERSONAL JURISDICTION

  Defendant's motion to dismiss for lack of personal jurisdiction is governed by Fed. R. Civ. P. 12(b)(2). Plaintiff has the burden of proving personal jurisdiction, but the burden is not a heavy one. Shepherd Invs. Int'l, Ltd. v. Verizon Communications, Inc., 373 F. Supp. 2d 853, 859 (E.D. Wis. 2005). Plaintiff need only make a prima facie showing of the existence of personal jurisdiction. Id. In analyzing personal jurisdiction, I may rely on all the evidence in the record and I draw all reasonable inferences in plaintiff's favor. Id.

In a diversity case, a federal court has personal jurisdiction over a party only if a court in the state in which the federal court sits would have jurisdiction. See Fed. R. Civ. P. 4(e). To determine whether I have personal jurisdiction, I first look to Wisconsin's long-arm statute, and if it confers personal jurisdiction, I ask whether exercising such jurisdiction is consistent with due process. Shepherd Invs. Int'l, Ltd., 373 F. Supp. 2d at 860. Wisconsin's long-arm statute has been interpreted as a codification of federal due process requirements. Thus, if plaintiff establishes that defendant's Wisconsin contacts are sufficient to satisfy the requirements of the statute, I presume that the exercise of jurisdiction satisfies due process, subject to defendant's opportunity to rebut. Id.

Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a plaintiff can establish personal jurisdiction by showing either specific or general jurisdiction. Specific jurisdiction generally exists when the litigation arises out of the defendant's contacts with Wisconsin and applies even to a defendant who has otherwise had only minimum contacts with Wisconsin. Shepherd Invs. Int'l, Ltd., 373 F. Supp. 2d at 860. Additionally, § 801.05(8) confers a special sort of specific jurisdiction over "a defendant who is or was an officer, director or manager of a domestic corporation . . . where the action arises out of the defendant's conduct as such officer, director or manager." Like the other specific jurisdiction provisions, this section requires, consistent with due process, only minimum contacts with Wisconsin. Stearn v. Malloy, 89 F.R.D. 421, 423-24 (E.D. Wis. 1981). General jurisdiction requires that a defendant have more substantial contacts with Wisconsin but authorizes a court to entertain any action against the defendant regardless of its subject matter. Shepherd Invs. Int'l, Ltd., 373 F. Supp. 2d at 860. Wisconsin's general jurisdiction provision "contemplates a requirement similar to that of 'doing business'

2

within the state which requires not just an isolated contact but 'substantial activities' which are 'continuous and systematic.'" Travelers Ins. Co. v. George McArthur & Sons, 25 Wis. 2d 197, 203 (1964). A defendant generally has "substantial and not isolated" contacts with the state if it "solicit[s], create[s], nurture[s], or maintain[s], whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." Stauffacher v. Bennett, 969 F.2d 455, 457 (7th Cir. 1992).

In the present case, plaintiff asserts that I have specific jurisdiction under § 801.05(8) and general jurisdiction under § 801.05(1)(d). Section 801.05(8) treats a manager of a Wisconsin corporation as having consented to the state's jurisdiction. See Stearn, 89 F.R.D. at 424. Defendant does not dispute that plaintiff, a Wisconsin corporation, employed him as its New York sales manager, and that the present action arises out of such employment. Further, he has not responded to plaintiff's argument regarding § 801.05(8) and thus appears to concede that it establishes personal jurisdiction in this case. As such, I conclude that § 801.05(8) would confer jurisdiction in this case even if defendant had only minimum contacts with Wisconsin.

However, defendant has had substantial and not isolated contacts with Wisconsin and thus I additionally have jurisdiction under § 801.05(1)(d). Defendant voluntarily sought and obtained employment from plaintiff, which is located in Wisconsin, and then nurtured and maintained an employee-employer relationship with plaintiff for twenty-three years. During this period, defendant had numerous contacts with Wisconsin. He initiated weekly, sometimes daily, telephone and e-mail contacts with plaintiff in Wisconsin; used plaintiff's corporate computer network, the server for which is located in Wisconsin; received a regular paycheck from Wisconsin; and attended business meetings in Wisconsin about

3

four times each year. He reported directly to Mike Rees, plaintiff's president and CEO in Wisconsin, rather than to anyone in New York. Defendant argues that I should treat his contacts with Wisconsin as less significant because they were employment related.[1] This argument is unpersuasive. The reason that a defendant's contacts with a state are relevant is that they provide a gauge by which a court can determine whether it is fair and reasonable to allow the state to adjudicate lawsuits against the defendant. Defendant's employment-related contacts highlight the fact that as a long-time employee of a Wisconsin company, defendant shared in the many benefits that Wisconsin offers to its businesses. Thus, it is fair and reasonable to permit Wisconsin to exercise jurisdiction over him.

Defendant does not make a separate argument that the exercise of personal jurisdiction would violate due process. As stated, defendant had substantial and sustained contacts with Wisconsin and, moreover, I see no reason that the assertion of personal jurisdiction would offend notions of "fair play and substantial justice." See Burger King v. Rodriguez, 471 U.S. 462, 476 (1985). Thus, defendant is subject to suit in Wisconsin.

## II. VENUE

Defendant also argues that the present action is improperly venued. I consider this motion under Fed. R. Civ. P. 12(b)(3). Defendant argues that plaintiff fails to satisfy the requirements of 28 U.S.C. § 1391, which limits the district courts in which an action may be "brought." However, § 1391 has no application in the present case because plaintiff did not bring the action in this court but rather in state court, from which defendant removed it. Title 28 U.S.C. § 1441(a) governs the venue of a removed action. Polizzi v. Cowles

---

[1]Defendant goes so far as to assert that an employee-employer relationship is not a "business relationship."

Magazines, Inc., 345 U.S. 663, 665-66 (1983). Under § 1441(a), the present action is properly venued.

Defendant also asks me to transfer venue to the Southern District of New York, either pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Section 1406(a) applies only to cases that are improperly venued. As stated, the present case is properly venued, thus § 1404(a) governs defendant's motion to transfer venue. Under § 1404(a), I must consider "the convenience of parties and witnesses" and "the interest of justice." The party requesting a transfer must establish that the proposed transferee forum is clearly more appropriate than the original forum. Coffey v. VanDorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). The § 1404(a) factors are placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case. Id. at 219 n.3. The convenience factor is a placeholder for private interest considerations, and the interest of justice factor is a placeholder for public interest considerations. See Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 936 (E.D. Wis. 2002). Private interest considerations include plaintiff's choice of forum, the convenience of the parties and witnesses relative to their residences, the situs of operative events and the location of relevant records. Public interest considerations include judicial economy, familiarity with the applicable law and the expeditious administration of justice. Id.

In the present case, defendant has not satisfied his burden of establishing that the Southern District of New York would clearly be a better forum for resolving the present dispute. Evaluating the private interest considerations first, I give some weight to plaintiff's having brought the action in this district. In addition, plaintiff resides in this district, thus it is more convenient for plaintiff to litigate the case in the present forum. Defendant argues

5

that it is more convenient for himself and many potential witnesses to transfer the case to the Southern District of New York. However, he has not shown that any witnesses would resist appearing in Milwaukee and I presume they would appear voluntarily. Additionally, plaintiff has shown that it has Wisconsin-based witnesses, who, if the case were transferred to New York, would face the same problem. Convenience is not a sufficient reason to transfer a case if the transfer would merely shift the inconvenience from one party to another. PKWare v. Meade, 79 F. Supp. 2d 1007, 1020 (E.D. Wis. 2000) (citing Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)). Each party would prefer to litigate at home, but it is not unfair to the defendant to litigate here.

The public interest considerations favor keeping the case in this district. I am familiar with the case, thus judicial economy favors the present venue. Further, Wisconsin law appears to govern plaintiff's claims. Coffey, 796 F.2d at 221 (stating that it is "advantageous to have federal judges try a case who are familiar with the applicable state law"). Finally, I have a light trial schedule and can process this case expeditiously.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to transfer venue is **DENIED**.

Dated at Milwaukee, Wisconsin this 13 day of December, 2007.

/s_____
LYNN ADELMAN
District Judge

6